J-A09034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRELL DAURICE HARRISON JR. | : | |
| | : | |
| Appellant | : | No. 481 WDA 2025 |

Appeal from the Judgment of Sentence Entered October 25, 2024
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0000770-2023

BEFORE: NICHOLS, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED: July 14, 2026**

In this counseled appeal, Darrell Daurice Harrison, Jr. ("Harrison") appeals from the judgment of sentence following his conviction of third-degree murder.[1] Harrison raises a waived and, even if preserved, meritless challenge to the denial of his requested imperfect self-defense jury instruction; a waived and meritless challenge to the discretionary aspects of his sentence; and an undeveloped and waived weight claim. Having concluded that Harrison is due no relief, we affirm.

We dispose of Harrison's claims despite significant appellate defects, including that no part of the lengthy record was cited by Harrison, the

---

[1] **See** 18 Pa.C.S.A. § 2502(c).

Commonwealth, or the trial court.[2]  The factual and procedural history of this case is as follows.  On April 1, 2023, Harrison shot Jayson Burns ("the victim"), who later died.  Surveillance footage and testimony showed that Harrison arrived with his friends, Stephan Elash ("Elash") and Marlon Pearson ("Pearson"), to drink at a local bar.  *See* N.T., 7/10/24, at 52.  They saw a physical altercation between two groups of females outside the bar.  *See id*. at 56.  The victim and a male friend arrived at the scene.  *See id*.  The victim and his friend then got into a physical altercation with Harrison, Elash, and Pearson.  *See id*. at 59.  The victim's friend was knocked unconscious, and Harrison, Elash, and Pearson began to physically assault the victim.  *See id*. at 60, 70-71.  The victim later walked over to his friend.  Harrison then picked up a firearm, walked in the direction of the victim, aimed, and shot him once in the back.  *See id*. at 61; Trial Court Opinion, 6/10/25 (unnumbered at 5, 9).  Harrison fled the scene.  *See* N.T., 7/10/24, at 61-62.  Police apprehended Harrison, and the Commonwealth charged him with, *inter alia*, third-degree murder.  Harrison elected a jury trial.

At the conclusion of the trial, the judge instructed the jury on voluntary manslaughter as to "sudden passion or provocation," but declined to instruct

---

[2] Harrison did not comply with Rule 2117 of Appellate Procedure, which requires that the statement of the case include "an appropriate reference in each instance to the place in the record where the evidence substantiating the fact relied on may be found."  Pa.R.A.P. 2117(a)(4).  Further, the trial court did not comply with Rule 1925 of Appellate Procedure, which states that a 1925(a) opinion "shall specify in writing the place in the record where such reasons may be found."  Pa.R.A.P. 1925(a)(1).

the jury on voluntary manslaughter as to "unreasonable belief in self-defense" because the judge concluded the testimony and evidence did not establish such a defense. *See* N.T., 7/12/24, at 159-60, 174-75. The jury found Harrison guilty of third-degree murder. *See id*. at 177. The trial court, having reviewed, *inter alia*, Harrison's pre-sentence investigation report ("PSI"), *see* N.T., 10/25/24, at 45, imposed a standard-range sentence of sixteen to forty years of incarceration. *See id*. at 46.

Harrison raises the following issues for our review:

> 1. Did the trial court commit reversible error by denying [Harrison's p]ost-[t]rial [m]otion requesting a new trial when it refused to instruct the jury on voluntary manslaughter based on an unreasonable belief in the need for self-defense, where evidence of record supported such an instruction?
>
> 2. Did the trial court abuse its discretion by imposing a sentence of not less than sixteen . . . years nor more than forty . . . years of incarceration, where the sentence constitutes excessive punishment not justified by the purposes and principles of the Pennsylvania [S]entencing [C]ode?
>
> 3. Did the trial court commit reversible error by denying [Harrison's p]ost-[t]rial [m]otion requesting a new trial, where the verdict was against the weight of the evidence?

Harrison's Brief at 1-2.

Harrison first argues the trial court erred in refusing to instruct the jury on voluntary manslaughter, *i.e.*, imperfect self-defense. Our standard of review is as follows:

> In examining jury instructions, our standard of review is to determine whether the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case. A charge will be found adequate unless the issues are not made

- 3 -

clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error. Moreover, in reviewing a challenge to a jury instruction, the entire charge is considered, not merely discrete portions thereof. The trial court is free to use its own expressions[,] as long as the concepts at issue are clearly and accurately presented to the jury.

***Commonwealth v. Bradley,*** 232 A.3d 747, 759 (Pa. Super. 2020) (internal citations, quotations, and original brackets omitted).

Before considering the merits of Harrison's issue, we must first determine whether he has preserved it for our review. Generally, issues cannot be raised for the first time on appeal and must be raised in the trial court, or they are waived for appellate review. ***See*** Pa.R.A.P. 302(a). To preserve an issue regarding jury instructions for appeal, the Pennsylvania Rules of Criminal Procedure "require a specific objection to the charge or an exception to the trial court's ruling on a proposed point." ***Commonwealth v. Pressley***, 887 A.2d 220, 224 (Pa. 2005); ***see also*** Pa.R.Crim.P. 603, 647(B); Pa.R.A.P. 302(b). Further, an appellant must direct this Court to the specific place in the record where this issue was preserved for appeal. ***See*** Pa.R.A.P. 2119(e).

Following our review, we conclude Harrison has failed to demonstrate that he objected to the trial court's refusal to read his requested jury charge regarding imperfect self-defense; moreover, he has not cited where in the record this refusal appeared. This, alone, constitutes grounds for waiver. ***See Pressley***, 887 A.2d at 224 (Pa. 2005); ***see also*** Pa.R.Crim.P. 603, 647(B); Pa.R.A.P. 302(b); ***See*** Pa.R.A.P. 2119(e).

- 4 -

However, even if Harrison had preserved his objection on the record and directed this Court to the specific place in the record where this issue was preserved, his claim would be waived for failure to properly develop it. It is not the responsibility of this Court to search through and scrutinize the record to determine if an appellant's claims have factual support. **See Commonwealth v. Samuel**, 102 A.3d 1001, 1005 (Pa. Super. 2014). Harrison's assertions in his brief contrast starkly with the Commonwealth's. For example, Harrison suggests that the victim turned toward him with an aggressive stance, whereas the Commonwealth contests this. **Compare**, **e.g.**, Harrison's Brief at 2-3, *with* Commonwealth's Brief at 9-10.[3] Harrison's failure to cite to the record clearly impedes meaningful review, especially in light of the Commonwealth's contrary position denying the evidence of record supported his requested jury instruction. **See Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (stating appellants have a "duty to present arguments that are sufficiently developed for our review[,]" their brief must refer to the record and cite to legal authorities, and this Court will not act as counsel for an appellant). Thus, Harrison's claim is waived for failure to develop his argument with any citations to the record. **See**

---

[3] We note the Commonwealth failed to provide record citations in its brief, in violation of Pa.R.A.P. 2119(c). The trial court did not include a factual background notwithstanding a heading that suggests that it did. **See** Trial Court Opinion, 6/10/25, unnumbered at 2-3. Thus, the trial court opinion sheds no light on the pertinent facts of the case.

*Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (finding waiver where appellant failed to support claim with relevant citations to case law and record); *see also* Pa.R.A.P. 2119(c).[4]

In his second issue, Harrison argues the trial court, while it imposed a standard-range sentence, abused its discretion by sentencing towards the upper-limit of the standard range and ignoring mitigating factors. *See* Harrison's Brief at 16-17.

Harrison's issue concerns the discretionary aspects of sentencing. It is well settled that "[c]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four[-]part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly

---

[4] In any event, a self-defense instruction is generally unwarranted where a defendant shoots his victim in the back. *See*, *e.g.*, *Commonwealth v. Myrick*, 360 A.2d 598, 602 n.8 (Pa. 1976); *see also Commonwealth v. Washington*, 692 A.2d 1024, 1029 (Pa. 1997) (invocation of imperfect self-defense is unavailing when the "facts are inconsistent with the conclusion that Appellant possessed a real, but mistaken, belief that his life was in imminent danger"). Thus, the fact that Harrison aimed and shot at his victim's back is inconsistent with a genuine but mistaken belief that he, Harrison, was in danger, and, therefore, the imperfect self-defense instruction was unwarranted. Furthermore, reversal is not required unless Harrison was prejudiced by the refusal to give the jury instruction; Harrison does not address how he was prejudiced in light of the fact that the trial court *did* instruct the jury on voluntary manslaughter based on sudden passion or provocation. *See Commonwealth v. Williams*, 176 A.3d 298, 314 (Pa. Super. 2017).

preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [**see**] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [**see**] 42 Pa.C.S.A. § 9781(b).

**Id**. (citation omitted).

"An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f). A careful review confirms Harrison did not include a 2119(f) statement in his brief. Thus, his discretionary sentencing claim is waived. **See id**.[5]

In his third and final claim, Harrison challenges the weight of the evidence. An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings

---

[5] We note that the combination of a standard-range sentence and a PSI results in a presumptively reasonable sentence. **See Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa. Super. 2019). Thus, even if preserved, we are unpersuaded that Harrison's challenge to the discretionary aspects of his sentence merits relief.

- 7 -

and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. Super. 2013) (internal citations, indentation, and emphasis omitted).

Harrison asserts the verdict shocks the conscience because the evidence established he was acting under the belief that he was defending himself. *See* Harrison's Brief at 17. Before proceeding to the merits of Harrison's issue, we must first determine whether he has preserved it for our review.

Harrison's argument is approximately one page long and consists of bare assertions that are, with the exception of one citation to the standard of review, unsupported by reference to authority or the record. *See* Harrison's Brief at 17-18. Consequently, we cannot adequately address Harrison's weight of the evidence claim due to his failure to cite to authority, the record, and connect the two. Therefore, this issue is waived. *See Commonwealth v. Taylor*, 277 A.3d 577, 590-91 (Pa. Super. 2022) (failure to develop adequate arguments within a brief may result in waiver under Pa.R.A.P. 2119); *Commonwealth v. Freeman*, 128 A.3d 1231, 1249 (Pa. Super. 2015) (finding evidentiary hearing claim waived where appellant "made no effort whatsoever to discuss the applicable law or to link the facts of his case to that law."). Having concluded that Harrison's issues warrant no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/14/2026